1

2

3

4

5

6

7

8       **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GREG DEWSNUP,                          No. CIV S-10-0248-JAM-CMK

12                 Plaintiff,

13          vs.                             FINDINGS AND RECOMMENDATIONS

14   BARAK OBAMA, et al.,

15                 Defendants.

16   _____/

17              Plaintiff, who is proceeding pro se, brings this civil action. The court is required

18   to screen complaints brought by prisoners seeking relief against a governmental entity or officer

19   or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to

20   screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.

21   See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a

22   complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon

23   which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from

24   such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to

25   Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears

26   . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a

prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint

pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a threshold

matter whether it has subject-matter jurisdiction.

Plaintiff brings this action against President Obama, Robert Gates, Department of

Defense, and Julius Genachowski, Federal Communications Commission.  In his complaint,

Plaintiff lists several allegations regarding being physically harassed, destruction of property,

violation of privacy, and harassment.  He states he is being tormented, although he fails to

identify exactly who is allegedly tormenting him.

The Federal Rules of Civil Procedure require that complaints contain a "short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  "Although a pro se

litigant . . . may be entitled to great leeway when the court construes his pleadings, those

pleadings nonetheless must meet some minimum threshold in providing a defendant with notice

of what it is that it allegedly did wrong."  Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th

Cir. 1995).  Here, Plaintiff's complaint is unintelligible and fails to meet the pleading

requirements of Rule 8.

In addition, to the extent the court is able to understand his complaint, it appears

to be factually frivolous.  A claim is legally frivolous when it lacks an arguable basis either in

law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d

1221, 1227-28 (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both

the inarguable legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.

The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

meritless legal theory or where the factual contentions are clearly baseless.  Id. at 327.  The

1  critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

2  legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745

3  F.2d at 1227.  The court need not accept the allegations in the complaint as true, but must

4  determine whether they are fanciful, fantastic, or delusional.  See Denson v Hernandez, 504 U.S.

5  25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).  Finally, a complaint may be dismissed as

6  frivolous if it merely repeats pending or previously litigated claims.  See Cato v. United States,

7  70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

8          Plaintiff is claiming the defendants are torturing him by such actions as

9  broadcasting his thoughts and actions to everyone, causing him to have nightmares and harassing

10 him when he closes his eyes.  Such claims are factually frivolous and are therefore subject to

11 summary dismissal.

12         Based on the foregoing, the undersigned recommends that Plaintiff complaint be

13 dismissed.

14         These findings and recommendations are submitted to the United States District

15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

16 after being served with these findings and recommendations, any party may file written

17 objections with the court.  Responses to objections shall be filed within 14 days after service of

18 objections.  Failure to file objections within the specified time may waive the right to appeal.

19 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21 DATED: July 14, 2010

22

23                                CRAIG M. KELLISON
                                  UNITED STATES MAGISTRATE JUDGE

24

25

26

3